Filed 8/18/20  P. v. Sease CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090338 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18F4329, 17F1012) |
| v. | |
| SHANNON DEANN SEASE, | |
| Defendant and Appellant. | |

In case No. 17F1012 (the 2017 case), a jury found defendant Shannon Deann Sease guilty of elder abuse and misdemeanor animal cruelty.  In August 2017, the trial court suspended imposition of sentence and placed defendant on formal probation for three years.  The court imposed a $600 restitution fine; a $600 probation revocation fine, suspended unless probation was revoked; a $80 court security fee; a $60 criminal conviction assessment; and $780 in other costs.

In case No. 18F4329 (the 2018 case), defendant pled no contest to first degree residential burglary and admitted violating probation in the 2017 case.  In September

1

2018, the trial court revoked and reinstated probation in the 2017 case; suspended imposition of sentence in the 2018 case; and placed defendant on formal probation for three years in the 2018 case. The court imposed a $300 restitution fine; a $300 probation revocation fine, suspended unless probation was revoked; a $40 court security fee; a $30 criminal conviction assessment; a $39 crime prevention fee; and $780 in other costs.

In August 2019, after a contested hearing, the trial court sustained allegations that, beginning in the fall of 2018 and continuing into March 2019, defendant violated probation by failing to report to the probation department and failing to provide a valid residential address.

The trial court concluded defendant "manipulate[d] [p]robation to get away with as much as [she] could" and "lie[d] under oath" when she testified at the hearing. The trial court addressed defendant: "I can detect a person's lies . . . if they are really bad at it, and you are bad at it."

Regarding the 2018 case, the trial court revoked probation and declined to reinstate it, noting defendant was on probation at the time she committed the burglary in the 2018 case, and imposed an aggravated term of six years. Regarding the 2017 case, the trial court revoked probation and imposed a consecutive term of one year (one-third the middle term) for the elder abuse offense and a concurrent jail sentence for the misdemeanor offense. Thus, the aggregate term was seven years.

As for costs, regarding the 2018 case, the trial court explained that the $40 court security fee and the $30 criminal conviction assessment "remain[ed]," as did the $300 restitution fine, while the stay on the probation revocation fine was "lift[ed]." Further, the trial court imposed a parole revocation fine of $300, stayed pending successful completion of parole and "permanently stay[ed] the $780 fine" and the "$39 fine."

Regarding the 2017 case, the trial court noted the $600 restitution and $600 probation revocation fines imposed by a different judge, and stayed $300 of each of those $600 fines, while lifting the stay on the probation revocation fine (leading to a $300

2

probation revocation fine).  The trial court imposed a $300 parole revocation fine, which the abstract of judgment notes was stayed.  The trial court "permanently stay[ed] the $780 felony fine," and stayed the court security and criminal conviction assessment as to "one of" defendant's two convictions in the case (leading to a $40 court security fee and a $30 criminal conviction assessment).

Defendant timely appealed.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief, arguing the trial court was "very harsh" in "not believ[ing]" defendant, because defendant "did in fact keep in touch regularly with probation by checking in by telephone contact."  Defendant presents explanations for the "reasons why [she] had allegedly violated [her] probation term[s]" and provides facts that were not specifically introduced at the contested hearing.

Initially we must note we will not consider facts provided for the first time on appeal.  (See *People v. Pena* (1972) 25 Cal.App.3d 414, 421-422.)

To the extent defendant relies on the same argument she presented in the trial court, no error occurred.  Defendant's testimony at the hearing regarding her efforts to comply with the terms of her probation were directly contradicted by a probation official who testified.  The trial court disbelieved defendant, apparently in part due to her demeanor.  We will not second-guess the trial court's credibility determination.  (See *People v. Scott* (2011) 52 Cal.4th 452, 493 ["a witness's 'demeanor is always relevant to credibility' "]; *People v. Lewis* (2001) 26 Cal.4th 334, 359 [giving "proper deference" to a credibility finding, because "reviewing court[s] . . . confront a cold record without the

3

trial court's benefit of observing firsthand the appearance and demeanor of the witness"].)

Further, the record is clear defendant was required to do more than maintain *telephone* contact with probation; she was required to *report in person*. She failed to do so, and we detect no error in the trial court's rejection of the reasons defendant proffered for that failure.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:


/s/
Murray J.


/s/
Krause, J.